Erica W. Todd, Esq. (ct13897)
TROTTA, TROTTA & TROTTA
Attorneys for Plaintiffs
900 Chapel Street, 12th Floor
New Haven, CT  06503
(203) 787-6756

FILED

2016 JUL 8 PM 1 07

U.S. DISTRICT COURT
NEW HAVEN, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------------x

LAURA L. PALUMBO, INDIVIDUALLY AND AS
TRUSTEE OF THE WILLIAM J. PALUMBO
IRREVOCABLE INSURANCE TRUST AGREEMENT,
DATED NOVEMBER 11, 1994, AND WILLIAM J.
PALUMBO, INDIVIDUALLY AND AS GRANTOR
OF THE WILLIAM J. PALUMBO IRREVOCABLE
INSURANCE TRUST AGREEMENT, DATED
NOVEMBER 11, 1994,

                             Plaintiffs,

        -against-

NATIONWIDE LIFE INSURANCE COMPANY,

                     Defendant.

-----------------------------------------------------------------------------x

Civil Action No.
3:16-CV-1143 - WWE

July 8, 2016

JURY TRIAL DEMANDED

**VERIFIED COMPLAINT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................. 1

SUMMARY OF CLAIMS.................................................................... 2

JURISDICTION AND VENUE ........................................................... 6

THE PARTIES..................................................................................... 6

    a.    Plaintiffs................................................................... 6

    b.    Defendant.................................................................. 7

FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF........... 7

    a.    Formation Of The Palumbo Trust And The Purchase Of The Nationwide Policies ............................................... 7

    b.    The Nature Of The Nationwide Policies And Premiums And Cost Of Insurance Charges Under The Same............... 8

    c.    The Exorbitant Increases In The Cost Of Insurance Charges And The Resulting Plummeting Policy Account Values And Escalating Premiums With Respect To The Nationwide Policies ............ 10

    d.    The Increases In The Amounts Of The Cost Of Insurance Charges Deducted From The Nationwide Policies Are Wholly Unrelated To Changes In Future Expectations For Such Factors As Investment Earnings, Mortality Persistency, Expenses, And Taxes ......... 13

    e.    Nationwide Failed to Determine And Apply To The Nationwide Policies Cost of Insurance Rates Based On Its Expectations As To Future Mortality Costs and Expenses ..................... 15

    f.    Plaintiffs' Letter of Complaint Against Nationwide And Nationwide's Egregious Retaliatory Actions In Response To The Same ............................................... 16

    g.    Plaintiffs' Claims Against Defendant Nationwide Are Timely.............. 17

        (1)    Plaintiffs' Claims Against Nationwide Are Timely Because The Applicable Statutes of Limitations Have Been Tolled Under The Continuing Course of Conduct Doctrine.................. 18

        (2)    Plaintiffs' Claims Against Nationwide Are Timely Under § 52-595 Of The Connecticut General Statutes ........................... 19

    h.    Plaintiffs' Damages........................................................ 21

FIRST CLAIM FOR RELIEF ............................................................................. 23
    (Against Defendant Nationwide For Fraud)

SECOND CLAIM FOR RELIEF ....................................................................... 25
    (Against Defendant Nationwide For Violation Of § 42-110b Of The
    Connecticut General Statutes Prohibiting Unfair Or Deceptive Acts
    Or Practices In The Conduct of Any Trade Or Commerce)

THIRD CLAIM FOR RELIEF ........................................................................... 28
    (Against Defendant Nationwide For Violation Of §§ 38a-815 And
    38a-816 Of The Connecticut General Statutes Prohibiting Unfair Or
    Deceptive Acts Or Practices In The Business Of Insurance)

FOURTH CLAIM FOR RELIEF ....................................................................... 31
    (Against Defendant Nationwide For Breach Of Contract)

FIFTH CLAIM FOR RELIEF ............................................................................ 32
    (Against Defendant Nationwide For Breach Of The Implied Covenant
    Of Good Faith And Fair Dealing)

SIXTH CLAIM FOR RELIEF............................................................................ 35
    (Against Defendant Nationwide For Declaratory Relief)

SEVENTH CLAIM FOR RELIEF ..................................................................... 37
    (Against Defendant Nationwide For Unjust Enrichment)

EIGHTH CLAIM FOR RELIEF ........................................................................ 38
    (Against Defendant Nationwide For Defamation)

NINTH CLAIM FOR RELIEF........................................................................... 38
    (Against Defendant Nationwide For Intentional Infliction of Emotional
    Distress)

TENTH CLAIM FOR RELIEF .......................................................................... 39
    (Against Defendant Nationwide For Injunctive Relief)

PRAYER FOR RELIEF .................................................................................... 40

Plaintiffs Laura L. Palumbo, individually and as Trustee of the William J. Palumbo Irrevocable Insurance Trust Agreement, dated November 11, 1994, and William J. Palumbo, individually and as Grantor of the William J. Palumbo Irrevocable Insurance Trust Agreement, dated November 11, 1994, by their attorneys Trotta, Trotta & Trotta and Linda M. Marino, Esq., for their complaint against the defendant Nationwide Life Insurance Company, a/k/a Nationwide Life Insurance Company of America (hereinafter referred to as "Nationwide"), allege as follows:

## INTRODUCTION

1.      Plaintiff Laura L. Palumbo, as Trustee of the William J. Palumbo Irrevocable Insurance Trust Agreement, dated November 11, 1994 (hereinafter referred to as the "Palumbo Trust"), and plaintiff William J. Palumbo, individually and as Grantor of the Palumbo Trust (hereinafter referred to as "William Palumbo"), bring this action against the defendant Nationwide to recover damages sustained as a result of false representations and omissions of material facts made to plaintiffs by defendant Nationwide regarding the cost of insurance charges and the cost of insurance rates under variable life insurance policies numbered 1190193880 and 1190371850 (the "Nationwide policies").  The Nationwide policies were issued by defendant Nationwide[1] and purchased by the Palumbo Trust in 1994 and 1996, respectively.

---

[1]      The Nationwide policies originally were issued by Provident Mutual Life Insurance Company, which, upon information and belief, was acquired by Nationwide Financial Services in or about 2002 and became known as Nationwide Life Insurance Company of America.  Upon information and belief, Nationwide Life Insurance Company of America subsequently merged into Nationwide Life Insurance Company in or about 2009.

1

2.     Plaintiff Laura L. Palumbo, individually, brings this action against defendant Nationwide to obtain compensatory damages and injunctive relief regarding a false and retaliatory U-5 amendment regarding Laura Palumbo filed by Nationwide, through its representative and/or agent Nationwide Securities, LLC, on or about May 18, 2015 claiming that a complaint was made against Laura Palumbo by the Palumbo Trust alleging "misrepresentation in the purchase of a variable life insurance policy in 1994."

3.     Based on the foregoing, plaintiffs Laura L. Palumbo, as Trustee of the Palumbo Trust (hereinafter referred to as "Laura Palumbo, as Trustee"), and William Palumbo assert claims for relief against defendant Nationwide for fraud, violation of Connecticut General Statutes § 42-110b, violation of Connecticut General Statutes §§ 38a-815 and 38a-816, breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, and unjust enrichment, and plaintiff Laura Palumbo, individually, asserts claims against defendant Nationwide for defamation, intentional infliction of emotional distress, and injunctive relief.

4.     Based on the wrongs committed by defendant Nationwide and its breach of the Nationwide policies, plaintiffs seek compensatory damages, declaratory relief, injunctive relief, punitive damages and attorneys' fees as set forth more fully below.

## SUMMARY OF CLAIMS

5.     In the Nationwide policies purchased by the Palumbo Trust in 1994 and 1996, Nationwide made false representations and omissions of material facts regarding the cost of insurance charges and cost of insurance rates under the policies.

6.     The Nationwide policies provide that any changes in the cost of insurance charges deducted from the policies will be based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes.

7.     The Nationwide policies also provide that "[c]urrent cost of insurance rates will be determined by [Nationwide] based on our expectations as to future mortality costs and expenses."

8.     Since the inception of the Nationwide policies, Nationwide repeatedly has increased the amount of the cost of insurance charges deducted from the Nationwide policies for reasons wholly unrelated to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses and taxes, contrary to the clear and explicit terms of the policies.

9.     Since the inception of the Nationwide policies, Nationwide repeatedly has failed to determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses, contrary to the clear and explicit terms of the policies.

10.     Nationwide's repeated increases in the amount of the cost of insurance charges deducted from the Nationwide policies for reasons wholly unrelated to future expectations regarding such factors as those set forth in the Nationwide policies and Nationwide's repeated failures to determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses were designed solely to increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment.

3

11.     As a result of Nationwide's repeated increases in the amount of the cost of insurance charges deducted from the Nationwide policies for reasons wholly unrelated to future expectations regarding such factors as investment earnings, mortality, persistency, expenses and taxes and Nationwide's repeated failures to determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses, the Nationwide policies' account values have been drastically eroded and the policies are in imminent danger of lapsing.

12.     Had plaintiffs known that Nationwide would fail to abide by the terms of the Nationwide policies with respect to the cost of insurance charges and the cost of insurance rates and thereby increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment, plaintiffs Laura Palumbo, as Trustee, and William Palumbo never would have agreed to purchase the Nationwide policies for the Palumbo Trust and plaintiff Laura Palumbo, who was the registered representative with respect to the sale of the policies, never would have presented the policies to William Palumbo.

13.     Plaintiffs determined that there might be a problem with the Nationwide policies in or about late August 2014 when plaintiff William Palumbo revised his trust and estate documents.  Based on Laura Palumbo's review at that time of recent quarterly statements for the Nationwide policies, it appeared that the policy charges were eroding the policies' account values.

14.     Plaintiff Laura Palumbo contacted Nationwide to obtain policy documents and new illustrations for the Nationwide policies.  To Laura Palumbo's shock and dismay, new policy illustrations, dated September 17, 2014, provided by Nationwide (the "September 17, 2014 policy illustrations") showed ever escalating cost of insurance

charges and planned annual premiums of *$29,443* with respect to policy number

1190193880 and *$32,084* with respect to policy number 1190371850, making the

Nationwide policies completely unaffordable and in imminent danger of lapsing.

15.     Over the course of several months, plaintiff Laura Palumbo attempted to

obtain additional information from Nationwide regarding the cost of insurance charges

under the Nationwide policies and how they were calculated.  In response to Laura

Palumbo's inquiries regarding how the cost of insurance charges were calculated, she

was informed by Nationwide's Office of Compliance that they were "unable to get that

question answered."

16.     Unable to obtain any meaningful information from defendant Nationwide,

on or about April 3, 2015, plaintiffs wrote a letter of complaint to Nationwide setting

forth claims based on the hidden and escalating cost of insurance charges under the

Nationwide policies and the substantial risk that due to these exorbitant cost of insurance

charges, the policies would expire worthless with no death benefit available upon

William Palumbo's death.

17.     In response to plaintiffs' letter of complaint, rather than address the merits

of plaintiffs' claims, defendant Nationwide, by its representative and/or agent Nationwide

Securities, LLC, filed a false, defamatory and malicious U-5 amendment against Laura

Palumbo in an act of retaliation and in an effort to intimate plaintiffs and coerce them into

not pursuing their claims against Nationwide.

18.     In this action, plaintiffs seek to recover for the damages that they have

sustained as a result of the egregious wrongs committed by Nationwide.

## JURISDICTION AND VENUE

19.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 by virtue of the diversity of citizenship of the plaintiffs and the defendant and the fact that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because defendant Nationwide resides in this District for purposes of venue (*see* 28 U.S.C. § 1391(c)), a substantial part of the events or omissions giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

## THE PARTIES

**a.     Plaintiffs**

21.     Plaintiff Laura Palumbo is Trustee of the Palumbo Trust and has been Trustee of the Trust since its creation.

22.     Plaintiff Laura Palumbo is and was at all times relevant hereto a resident of the State of Connecticut.

23.     Plaintiff Laura Palumbo is and was at all relevant times a registered representative.

24.     Plaintiff William Palumbo is Grantor of the Palumbo Trust and the insured under the Nationwide policies.

25.     Plaintiff William Palumbo is a resident of the State of Florida and has been a resident of the State of Florida since 2002.  At the time of the sale of the

6

Nationwide policies until sometime in 2002, plaintiff William Palumbo was a resident of the State of Connecticut.

**b.      Defendant**

26.     Defendant Nationwide is and was at all material times a corporation incorporated under the laws of the State of Ohio with its principal place of business located at One Nationwide Plaza, Columbus, Ohio 43215.

27.     Defendant Nationwide is and was at all material times registered with the Ohio State Department of Insurance, National Association of Insurance Commissioners (NAIC) # 66869.

**FACTUAL ALLEGATIONS
APPLICABLE TO ALL CLAIMS FOR RELIEF**

**a.      Formation Of The Palumbo Trust And The Purchase Of The Nationwide
Policies**

28.     In 1994, as part of his estate planning, William Palumbo decided to purchase a life insurance policy (Nationwide policy number 1190193880) that would pay his heirs a benefit of $500,000 upon his death and to establish the Palumbo Trust for that purpose.

29.     Pursuant to the terms of the Palumbo Trust, plaintiff Laura Palumbo was appointed Trustee of the Trust. As Trustee of the Palumbo Trust, Laura Palumbo was the owner of all property placed in the Trust, and she agreed to hold all of the property placed in the Trust for the uses and purposes set forth in the Palumbo Trust.

30.     In 1998, William Palumbo decided to purchase a second life insurance policy (Nationwide policy number 1190371850) that would pay his heirs an additional benefit of $500,000 upon his death (for a total benefit of $1,000,000 under both of the Nationwide policies). This policy also was placed in the Palumbo Trust.

7

31.     Plaintiff Laura Palumbo, who at the time was a registered representative of PML Securities, was the registered representative with respect to the sale of the Nationwide policies.

**b.     The Nature Of The Nationwide Policies And The Premiums And Cost Of Insurance Charges Under The Same**

32.     The Nationwide policies purchased by plaintiffs Laura Palumbo, as Trustee, and William Palumbo and placed in the Palumbo Trust are known as variable universal life insurance policies.

33.     Variable universal life insurance policies were relatively new to the marketplace at the time that the Nationwide policies were purchased.

34.     Variable universal life insurance policies allow the owner of the policy to allocate all or a portion of the premium dollars under the policy to a separate account or accounts comprised of various instruments and investment funds within the insurance company's portfolios.  The funds in the investment accounts grow tax deferred and the earnings in the investment accounts along with the premium payments under the policies are used to cover the costs of the benefits of the policies.

35.     At the time that the Nationwide policies were issued and purchased, the planned premiums under the policies were $9,800 annually under policy number 1190193880 and $9,500 annually under policy number 1190371850.

36.     Over the course of the life of the policies, plaintiff William Palumbo paid total premiums in the amount of $122,930.00 with respect to Nationwide policy number 1190193880 and total premiums in the amount of $115,831.68 with respect to Nationwide policy number 1190371850 (a total of $238,761.68 under both Nationwide policies).

8

37.     The amount of the premiums required under the Nationwide policies in

order to keep them in force is not guaranteed.  Rather, the Nationwide policies provide:

> [y]ou may have to pay more than the premiums shown below to
> keep this Policy and coverage in force [until the final policy date[2]],
> and to keep any additional riders in force.

38.     Under the Nationwide policies, monthly deductions are made from the

policy account values for certain charges, including monthly cost of insurance charges.

39.     If Nationwide's charges with respect to the Nationwide policies, including

the monthly cost of insurance charges, exceed the policy account values of the

Nationwide policies, additional premiums must be paid under the policies to keep them in

force.

40.     The Nationwide policies provide that any changes in the amount of the cost

of insurance charges (as well as other policy costs) will be based on changes in future

expectations for such factors as "investment earnings," "mortality," "persistency,"

"expenses," and "taxes."

41.     Specifically, the Nationwide policies provide:

> Changes in . . .  cost of insurance charges . . . will be by class and
> will be based upon changes in future expectations for such factors
> as:
>
> (a)   investment earnings;
> (b)   mortality;
> (c)   persistency;
> (d)   expenses; and
> (e)   taxes.
>
> Any change will be determined in accordance with the procedures
> and standards on file, if required, with the insurance supervisory
> official of the state in which this Policy is delivered.

---

[2]     The final policy date under policy number 1190193880 is November 10, 2037,
and the final policy date under policy number 1190371850 is March 6, 2038.

42.     The Nationwide policies also provide that current cost of insurance rates will be determined by Nationwide based on its expectations as to future mortality costs and expenses.

43.     Specifically, the Nationwide policies provide:

> The cost of insurance rates are based on the Insured's Attained Age, Sex Premium Class and duration. . . .   Current cost of insurance rates will be determined by the Company based on our expectations as to future mortality costs and expenses.

**c.     The Exorbitant Increases In The Cost Of Insurance Charges And The Resulting Plummeting Policy Account Values And Escalating Premiums With Respect To The Nationwide Policies**

44.     Since the inception of the Nationwide policies, the amounts of the monthly cost of insurance charges deducted by Nationwide from the policies have increased substantially each year (except for one year) as follows:

a.     Nationwide Policy Number 1190193880

| Year | Monthly Cost Insurance Charge | Percentage Increase[3] |
|---|---|---|
| 1994 to 1995 | $298.34 | ---- |
| 1995 to 1996 | $317.50 | 6% |
| 1996 to 1997 | $338.34 | 7% |
| 1997 to 1998 | $360.84 | 7% |
| 1998 to 1999 | $384.59 | 7% |
| 1999 to 2000 | $410.42 | 7% |
| 2000 to 2001 | $432.92 | 5% |
| 2001 to 2002 | $463.75 | 7% |
| 2002 to 2003 | $495.42 | 7% |
| 2003 to 2004 | $547.50 | 11% |
| 2004 to 2005 | $459.17 | -16% |
| 2005 to 2006 | $501.67 | 9% |

---

[3]     All percentages are rounded off to the nearest percentile.

| Year | Monthly Cost Insurance Charge | Percentage Increase |
|------|------|------|
| 2006 to 2007 | $547.92 | 9% |
| 2007 to 2008 | $599.17 | 9% |
| 2008 to 2009 | $667.50 | 11% |
| 2009 to 2010 | $762.50 | 14% |
| 2010 to 2011 | $855.84 | 12% |
| 2011 to 2012 | $972.92 | 14% |
| 2012 to 2013 | $1,103.75 | 13% |
| 2013 to 2014 | $1,243.75 | 13% |
| 2014 to 2015 | $1,402.50 | 13% |
| 2015 to 2016 | $1,580.42 | 13% |

b.      Nationwide Policy Number 1190371850

| Year | Monthly Cost Insurance Charge | Percentage Increase |
|------|------|------|
| 1996 to 1997 | $317.50 | ----- |
| 1997 to 1998 | $338.34 | 7% |
| 1998 to 1999 | $360.84 | 7% |
| 1999 to 2000 | $384.59 | 7% |
| 2000 to 2001 | $410.42 | 7% |
| 2001 to 2002 | $432.92 | 5% |
| 2002 to 2003 | $463.75 | 7% |
| 2003 to 2004 | $495.42 | 7% |
| 2004 to 2005 | $547.50 | 11% |
| 2005 to 2006 | $597.92 | 9% |
| 2006 to 2007 | $501.67 | -16% |
| 2007 to 2008 | $547.92 | 9% |
| 2008 to 2009 | $599.17 | 9% |
| 2009 to 2010 | $667.50 | 11% |
| 2010 to 2011 | $762.50 | 14% |
| 2011 to 2012 | $855.84 | 12% |
| 2012 to 2013 | $972.92 | 14% |
| 2013 to 2014 | $1,103.75 | 13% |
| 2014 to 2015 | $1,243.75 | 13% |
| 2015 to 2016 | $1,402.50 | 13% |
| March 2016 | $1,580.42 | 13% |

45.     The figures set forth above in ¶ 44 show that since the purchase of the Nationwide policies:

a.      the amounts of the cost of insurance charges deducted by Nationwide from policy number 1190193880 have increased *430%* (the monthly cost of insurance charges have increased from $298.34 in November 1994 to *$1,580.42* in 2016 and the annual cost of insurance charges have increased from $3,580.08 in 1994 to *$18,965.04* in 2016); and

b.      the amounts of the cost of insurance charges deducted by Nationwide from policy number 1190371850 have increased *398%* (the monthly cost of insurance charges have increased from $317.50 in March 1996 to *$1,580.42* in March 2016 and the annual cost of insurance charges have increased from $3,810.00 to *$18,965.04*).

46.     As a result of the exorbitant increases in the amounts of the cost of insurance charges deducted from the Nationwide policies:  (a) the policy account values have plummeted (the policy account value for Nationwide policy number 1190193880 has decreased from a height of $110,305.42 in December 2007 to $26,165.90 in March 2016, and the policy account value for Nationwide policy number 1190371850 has decreased from a height of $85,033.00 in June 2007 to $4,891.76 in March 2016)[4];

---

[4]     Since March 2016, the Nationwide policy account values have decreased even further.  As of July 4, 2016, the account value for policy number 1190193880 was $21,010.51 and the account value for policy number 1190371850 was $122.27.

(b) the policies have become completely impracticable and unaffordable; and (c) both policies soon will lapse.[5]

**d.      The Increases In The Amounts Of The Cost Of Insurance Charges Deducted From The Nationwide Policies Are Wholly Unrelated To Changes In Future Expectations For Such Factors As Investment Earnings, Mortality, Persistency, Expenses, And Taxes**

47.      Contrary to the express terms of the Nationwide policies and the explicit representations made therein regarding the factors affecting changes in the cost of insurance charges, the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies set forth above were wholly unrelated to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes.

48.      Upon information and belief, defendant Nationwide has experienced no changes in future expectations regarding investment earnings to justify the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies. Rather, upon information and belief, Nationwide maintains a diverse investment portfolio and has been in a strong capital position benefitting from overall favorable equity markets and long-term investments since the inception of the Nationwide policies.

---

[5]      The September 17, 2014 policy illustrations provided by defendant Nationwide to plaintiff Laura L. Palumbo, as Trustee (*see* ¶ 14, *supra*), show that at the policy charges assumed by Nationwide in the illustrations and a hypothetical investment return of 4%, an annual premium of *$29,443* is required to maintain $500,000 of insurance coverage until age 90 with respect to policy 1190193880 and an annual premium of *$32,084* is required to maintain $500,000 of insurance coverage until age 90 with respect to policy number 1190371850 (total annual premiums of *$61,527* are required to maintain the $1,000,000 of insurance coverage until age 90 after which time both policies lapse).  The September 17, 2014 policy illustrations also show that the amounts of the cost of insurance charges with respect to the Nationwide policies increase from *$18,965* at age 79 to *$61,870* at age 90 -- a further *226%* increase in the cost of insurance charges.

13

49.     Upon information and belief, defendant Nationwide has experienced no changes in future expectations regarding mortality to justify the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies.  Rather, upon information and belief, the life expectancies of the general population, including Nationwide's insureds, have increased, not decreased.

50.     Upon information and belief, defendant Nationwide has experienced no changes in future expectations regarding persistency to justify the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies.

51.     Upon information and belief, defendant Nationwide has experienced no changes in future expectations regarding expenses to justify the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies.  Rather, upon information and belief, Nationwide has been focused throughout the years on disciplined expense management and operating efficiency.

52.     Upon information and belief, defendant Nationwide has experienced no changes in future expectations regarding taxes to justify the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies.

53.     Based on the foregoing, there is *no* basis under the terms of the Nationwide policies for the exorbitant increases in the amounts of the cost of insurance charges deducted from the Nationwide policies.

54.     Rather, the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies have been based solely on defendant Nationwide's desire to increase its profits by depleting the Nationwide policies of all

value thereby making them completely impracticable and unaffordable and forcing plaintiffs into the position of having no choice but to allow the policies to lapse.

55.     Defendant Nationwide intentionally concealed and failed to disclose to plaintiffs how the amounts of the cost of insurance charges deducted from the Nationwide policies were calculated, that the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies were not related to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes, and that the exorbitant amounts of the cost of insurance charges deducted from the Nationwide policies have been based solely on Nationwide's desire to increase its profits at plaintiffs' expense.

**e.      Nationwide Failed To Determine And Apply To The Nationwide Policies Cost Of Insurance Rates Based On Its Expectations As to Future Mortality Costs and Expenses**

56.     Contrary to the express terms of the Nationwide policies and the explicit representations made therein regarding determination of current cost of insurance rates, Nationwide has repeatedly failed to determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses.

57.     Upon information and belief, Nationwide has experienced only favorable changes in future expectations as to future mortality costs and expenses.

58.     Upon information and belief, if Nationwide had determined and applied to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses, the cost of insurance rates applied to the Nationwide

15

policies would have been substantially lower than the rates applied by Nationwide since the inception of the policies.

59.     Nationwide's failures to determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses were designed solely to increase Nationwide's profits at plaintiffs' expense.

60.     Defendant Nationwide intentionally concealed and failed to disclose to plaintiffs the cost of insurance rates applied to the Nationwide policies, how the cost of insurance rates were determined, that the cost of insurance rates applied to the policies were not current rates determined by Nationwide based on its expectations as to future mortality costs and expenses, and that the cost of insurance rates applied to the policies were designed solely to increase Nationwide's profits at plaintiffs' expense.

**f.      Plaintiffs' Letter of Complaint Against Nationwide And Nationwide's Egregious Retaliatory Action In Response To The Same**

61.     On or about April 3, 2015, plaintiffs sent a letter to Nationwide regarding Nationwide's false representations and omissions with respect to the Nationwide policies and the cost of insurance charges under the same (the "letter of complaint").

62.     The letter of complaint set forth claims against Nationwide regarding the Nationwide policies.  It did *not* assert claims against Laura Palumbo who was the registered representative with respect to the sale of the policies.

63.     Indeed, the letter of complaint explicitly stated:

> [t]he claims set forth in this letter are *not* claims against the undersigned who was involved in the sale of the policies to William Palumbo and his Trust.  Rather, they are claims against [Provident Mutual Life Insurance Company, now known as Nationwide] based on its material misrepresentations and omissions with respect to the policies.

16

64.     Despite this clear and unequivocal statement that the claims set forth in the letter of complaint were claims against Nationwide -- *not* claims against Laura Palumbo – on or about May 18, 2015, defendant Nationwide, by its representative and/or agent Nationwide Securities, LLC, filed a U-5 amendment regarding Laura Palumbo claiming that a written complaint was made against her by the Palumbo Trust alleging "misrepresentation in the purchase of a variable life insurance policy in 1994."

65.     Plaintiff Laura Palumbo has been a registered representative for 31 years and not one customer complaint has been made against her.

66.     The U-5 amendment filed by defendant Nationwide, by its representative and/or agent Nationwide Securities, LLC, was false, defamatory and malicious.

67.     Defendant Nationwide's filing, by its representative and/or agent Nationwide Securities LLC, of the U-5 amendment was an egregious and abusive act of retaliation against plaintiff Laura Palumbo and an effort to intimate plaintiffs and coerce them into not pursuing their claims against Nationwide.[6]

**g.     Plaintiffs' Claims Against Defendant Nationwide Are Timely**

68.     Each of plaintiffs' claims against defendant Nationwide is timely under the applicable statute of limitations.  Additionally, the claims against Nationwide of

---

[6]     Upon her receipt of a letter from Nationwide, dated May 22, 2015, informing her that Nationwide Securities, LLC had filed the U-5 Amendment, Laura Palumbo contacted FINRA to dispute the U-5 Amendment and to inform FINRA of Nationwide's retaliatory action.  In response, FINRA informed Laura Palumbo that it would contact Nationwide to provide it with "some guidance" with respect to this issue.  Subsequently, upon information and belief, FINRA blocked the U-5 Amendment from public access since it can no longer be viewed on FINRA's Broker Check database.  It still, however, remains an indelible smear on Laura Palumbo's record visible to Laura's present broker dealer as well as any other broker dealer with which Laura Palumbo might in the future become affiliated.

Laura Palumbo, as Trustee, and William Palumbo are timely (a) because the applicable statute of limitations have been tolled under the continuing course of conduct doctrine; and (b) under § 52-595 of the Connecticut General Statutes based on Nationwide's fraudulent concealment from plaintiffs of the existence of the same.

> **(1)    Plaintiffs' Claims Against Nationwide Are Timely Because The Applicable Statutes of Limitations Have Been Tolled Under The Continuing Course of Conduct Doctrine**

69.    The claims against defendant Nationwide of Laura Palumbo, as Trustee, and William Palumbo are timely because the applicable statutes of limitation have been tolled under the continuing course of conduct doctrine based on Nationwide's wrongful conduct since the inception of the Nationwide policies of:

(a)    falsely representing to plaintiffs in the Nationwide policies that any changes in the cost of insurance charges under the policies would be based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(b)    increasing the amounts of the cost of insurance charges deducted from the Nationwide policies for reasons wholly unrelated to changes in future expectations for such factors as: (i) investment earnings; (ii) mortality; (iii) persistency; (iv) expenses; and (v) taxes;

(c)    concealing and failing to disclose to plaintiffs that the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies are *not* related to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(d)      concealing and failing to disclose to plaintiffs how the amounts of the cost of insurance charges deducted from the Nationwide policies are actually calculated and the basis for the same;

(e)      falsely representing to plaintiffs that Nationwide will determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses;

(f)      failing to determine and apply to the Nationwide policies current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(g)      concealing and failing to disclose to plaintiffs that the cost of insurance rates applied to the Nationwide policies are *not* current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(h)      concealing and failing to disclose to plaintiffs how the cost of insurance rates applied to the Nationwide policies are actually determined and the basis for the same; and

(i)      concealing and failing to disclose to plaintiffs that the amounts of the cost of insurance charges deducted from the Nationwide policies and the cost of insurance rates applied to the policies are designed to increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment.

**(2)      Plaintiffs' Claims Against Nationwide Are Timely Under § 52-595 Of The Connecticut General Statutes**

70.      The claims against defendant Nationwide of Laura Palumbo, as Trustee, and William Palumbo also are timely under § 52-595 of the Connecticut General Statutes.

71.     Section 52-595 of the Connecticut General Statutes provides:

> [i]f any person, liable to an action by another, fraudulently
> conceals from him the existence of the cause of such action, such
> cause of action shall be deemed to occur against such person so
> liable therefor at the time when the person entitled to sue thereon
> first discovers its existence.

72.     Defendant Nationwide fraudulently concealed from plaintiffs the existence

of the claims of Laura Palumbo, as Trustee, and William Palumbo against Nationwide

by:

(a)     falsely representing to plaintiffs in the Nationwide policies that any

changes in the cost of insurance charges under the policies would be based on changes in

future expectations for such factors as investment earnings, mortality, persistency,

expenses, and taxes;

(b)     concealing and failing to disclose to plaintiffs that the increases in

the amounts of the cost of insurance charges deducted from the Nationwide policies are

*not* related to changes in future expectations for such factors as investment earnings,

mortality, persistency, expenses, and taxes;

(c)     concealing and failing to disclose to plaintiffs how the amounts of

the cost of insurance charges deducted from the Nationwide policies are actually

calculated and the basis for the same;

(d)     falsely representing to plaintiffs that Nationwide will determine

and apply to the Nationwide policies current cost of insurance rates based on its

expectations as to future mortality costs and expenses;

(e)     concealing and failing to disclose to plaintiffs that the cost of insurance rates applied to the Nationwide policies are *not* current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(f)     concealing and failing to disclose to plaintiffs how the cost of insurance rates applied to the Nationwide policies are actually determined and the basis for the same; and

(g)     concealing and failing to disclose to plaintiffs that the amounts of the cost of insurance charges deducted from the Nationwide policies and the cost of insurance rates applied to the policies are designed to increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment.

73.     Based on the foregoing, the statute of limitations applicable to the claims against defendant Nationwide of Laura Palumbo, as Trustee, and William Palumbo were tolled until on or about September 19, 2014 when plaintiff Laura Palumbo, as Trustee, received from Nationwide the September 17, 2014 policy illustrations that show ever escalating cost of insurance charges and planned annual premiums of *$29,443* with respect to policy number 1190193880 and *$32,084* with respect to policy number 1190371850, making both polices completely unaffordable and in imminent danger of lapsing.

**h.     Plaintiffs' Damages**

74.     As a result of the exorbitant increases in the cost of insurance charges with respect to the Nationwide policies, the account values of the policies have been eroded to such an extent that they soon will become worthless and lapse, leaving William Palumbo's heirs, the beneficiaries of the Palumbo Trust, with *no* benefit whatsoever upon

21

William Palumbo's death despite the payment to Nationwide of hundreds of thousands of dollars of premiums.

75.     Additionally, since the Nationwide policies were purchased, William Palumbo suffered a heart attack and has had other medical issues making him uninsurable so that replacing the Nationwide policies with another policy is not a viable option for plaintiffs.

76.     Based on the foregoing, to compensate William Palumbo and the Palumbo Trust for their losses, plaintiff Laura Palumbo, as Trustee, and William Palumbo seek to recover from defendant Nationwide paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums, plus punitive damages, plus plaintiffs' attorneys' fees.

77.     Additionally, with respect to Nationwide's filing, by its representative and/or agent Nationwide Securities, LLC, of the false, defamatory, malicious and retaliatory U-5 amendment regarding Laura Palumbo, plaintiff Laura Palumbo seeks compensatory damages in an amount to be determined at trial plus punitive damages and a mandatory injunction directing Nationwide, by its representative and/or agent Nationwide Securities, LLC,  to expunge forthwith the U-5 amendment and all references to a complaint against Laura Palumbo from the Central Registration Depository.

## FIRST CLAIM FOR RELIEF

### (Against Defendant Nationwide For Fraud)

78.     Plaintiffs Laura Palumbo, as Trustee, and William Palumbo repeat and reallege each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

79.     Defendant Nationwide made false representations and/or omissions of material facts by:

(a)     falsely representing to plaintiffs in the Nationwide policies that any changes in the cost of insurance charges under the policies would be based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(b)     concealing and failing to disclose to plaintiffs that the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies are *not* related to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(c)     concealing and failing to disclose to plaintiffs how the amounts of the cost of insurance charges deducted from the Nationwide policies are actually calculated and the basis for the same;

(d)     falsely representing to plaintiffs that Nationwide will determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses;

(e)     concealing and failing to disclose to plaintiffs that the cost of insurance rates applied to the Nationwide policies are *not* current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

23

(f)      concealing and failing to disclose to plaintiffs how the cost of insurance rates applied to the Nationwide policies are actually determined and the basis for the same; and

(g)      concealing and failing to disclose to plaintiffs that the amounts of the cost of insurance charges deducted from the Nationwide policies and the cost of insurance rates applied to the policies are designed to increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment.

80.      Defendant Nationwide made these false representations and/or omissions of material facts with knowledge of their falsity and/or recklessly without regard to whether they were true or false.

81.      Defendant Nationwide made these false representations and/or omissions of material facts for the purpose of inducing plaintiffs to rely upon them.

82.      Plaintiffs justifiably relied on the false representations and/or omissions of material facts made by defendant Nationwide.

83.      As a result of defendant Nationwide's false representations and/or omissions of material facts, the cost of insurance charges under the Nationwide policies have drastically eroded the account values of the policies and the Nationwide policies soon will lapse causing William Palumbo and the Palumbo Trust to forfeit the benefit of the hundreds of thousands of dollars of premiums paid to Nationwide and leaving William Palumbo's heirs, the beneficiaries of the Palumbo Trust, with *no* benefit whatsoever under the Nationwide policies upon William Palumbo's death.

84.      By reason of the foregoing, plaintiffs Laura Palumbo, as Trustee, and plaintiff William Palumbo are entitled to recover from defendant Nationwide

compensatory damages in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums, plus punitive damages.

## SECOND CLAIM FOR RELIEF

**(Against Defendant Nationwide For Violation Of § 42-110b
Of The Connecticut General Statutes Prohibiting Unfair Or Deceptive
Acts Or Practices In The Conduct Of Any Trade Or Commerce)**

85.      Plaintiffs Laura Palumbo, as Trustee, and William Palumbo repeat and reallege each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

86.      Section 42-110b of the Connecticut General Statutes, known as the Unfair Trade Practices Act, provides in pertinent part, that "(a) [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

87.      Defendant Nationwide violated § 42-110b of the Connecticut General Statutes and engaged in unfair methods of competition and unfair or deceptive acts or practices by misrepresenting the terms and conditions of the Nationwide policies by:

(a)      falsely representing to plaintiffs in the Nationwide policies that any changes in the cost of insurance charges under the policies would be based on changes in

future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

        (b)     increasing the amounts of the cost of insurance charges deducted from the Nationwide policies for reasons wholly unrelated to changes in future expectations for such factors as: (i) investment earnings; (ii) mortality; (iii) persistency; (iv) expenses; and (v) taxes;

        (c)     concealing and failing to disclose to plaintiffs that the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies are *not* related to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

        (d)     concealing and failing to disclose to plaintiffs how the amounts of the cost of insurance charges deducted from the Nationwide policies are actually calculated and the basis for the same;

        (e)     falsely representing to plaintiffs that Nationwide will determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses;

        (f)     failing to determine and apply to the Nationwide policies current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

        (g)     concealing and failing to disclose to plaintiffs that the cost of insurance rates applied to the Nationwide policies are *not* current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(h)     concealing and failing to disclose to plaintiffs how the cost of insurance rates applied to the Nationwide policies are actually determined and the basis for the same; and

(i)     concealing and failing to disclose to plaintiffs that the amounts of the cost of insurance charges deducted from the Nationwide policies and the cost of insurance rates applied to the policies are designed to increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment.

88.     Plaintiffs Laura Palumbo, as Trustee, and William Palumbo have mailed a copy of this complaint to the Attorney General and the Commissioner of Consumer Protection pursuant to § 42-110g(c) of the Connecticut General Statutes.

89.     As a result of defendant Nationwide's violation of § 42-110b of the Connecticut General Statutes, plaintiffs Laura Palumbo, as Trustee, and William Palumbo are entitled to recover from defendant Nationwide compensatory damages in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums, plus punitive damages, plus attorneys' fees.

## THIRD CLAIM FOR RELIEF

**(Against Defendant Nationwide For Violation Of §§ 38a-815 And
38a-816 Of The Connecticut General Statutes Prohibiting Unfair
Or Deceptive Acts Or Practices In The Business Of Insurance)**

90.     Plaintiffs Laura Palumbo, as Trustee, and William Palumbo repeat and

reallege each and every allegation contained in paragraphs 1 through 77 above as if fully

set forth herein.

91.     Section 38a-815 of the Connecticut General Statutes provides, in pertinent

part, that:

> [n]o person shall engage in this state in any trade practice which is
> defined in section 38a-816 as, or determined pursuant to sections
> 38-817 and 38a-818 to be, an unfair method of competition or an
> unfair or deceptive act or practice in the business of insurance, nor
> shall any domestic insurance company engage outside of this state
> in any act or practice defined in subsections (1) to (12), inclusive,
> of section 38a-816.

92.     Section 38a-816 of the Connecticut General Statutes provides, in pertinent

part:

> [t]he following are defined as unfair methods of competition and
> unfair and deceptive acts or practices in the business of insurance:
>
> (1)   Misrepresentations and false advertising of insurance
>       policies.  Making, issuing or circulating, or causing to be
>       made, issued or circulated, any estimate, illustration,
>       circular or statement, sales presentation, omission or
>       comparison which:
>
>       (A)   Misrepresents the benefits, advantages, conditions
>             or terms of any insurance policy;
>
>                       *    *    *
>
>       (F)   is a misrepresentation, including, but not limited to,
>             an intentional misquote of a premium rate, for the
>             purpose of inducing or tending to induce to the

28

purchase, lapse, forfeiture, exchange, conversion or surrender of any insurance policy.

93.     Defendant Nationwide violated §§ 38a-815 and 38a-816 of the Connecticut General Statutes by misrepresenting the terms and conditions of the Nationwide policies by:

(a)     falsely representing to plaintiffs in the Nationwide policies that any changes in the cost of insurance charges under the policies would be based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(b)     increasing the amounts of the cost of insurance charges deducted from the Nationwide policies for reasons wholly unrelated to changes in future expectations for such factors as:  (i) investment earnings; (ii) mortality; (iii) persistency; (iv) expenses; and (v) taxes;

(c)     concealing and failing to disclose to plaintiffs that the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies are *not* related to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(d)     concealing and failing to disclose to plaintiffs how the amounts of the cost of insurance charges deducted from the Nationwide policies are actually calculated and the basis for the same;

(e)     falsely representing to plaintiffs that Nationwide will determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses;

29

(f)     failing to determine and apply to the Nationwide policies current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(g)     concealing and failing to disclose to plaintiffs that the cost of insurance rates applied to the Nationwide policies are *not* current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(h)     concealing and failing to disclose to plaintiffs how the cost of insurance rates applied to the Nationwide policies are actually determined and the basis for the same; and

(i)     concealing and failing to disclose to plaintiffs that the amounts of the cost of insurance charges deducted from the Nationwide policies and the cost of insurance rates applied to the policies are designed to increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment.

94.     As a result of defendant Nationwide's violation of §§ 38a-815 and 38a-816 of the Connecticut General Statutes, plaintiffs Laura Palumbo, as Trustee, and William Palumbo are entitled to recover from the defendant Nationwide compensatory damages in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies'

account values based on the same as well as reimbursement of any overpaid premiums, plus punitive damages, plus attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### (Against Defendant Nationwide For Breach Of Contract)

95.     Plaintiffs Laura Palumbo, as Trustee, and William Palumbo repeat and reallege each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

96.     Defendant Nationwide agreed to provide certain life insurance and investment services to plaintiffs Laura Palumbo, as Trustee, and William Palumbo and agreed to charge the plaintiffs Laura Palumbo, as Trustee, and William Palumbo for such services in accordance with the terms of the Nationwide policies.

97.     Plaintiffs Laura Palumbo, as Trustee, and William Palumbo agreed to make premium payments to defendant Nationwide in accordance with the terms of the Nationwide Policies and to pay cost of insurance charges in accordance with the terms of the Nationwide policies.

98.     Plaintiffs Laura Palumbo, as Trustee, and William Palumbo have fully performed their obligations under the Nationwide policies.

99.     Defendant Nationwide materially breached the terms of the Nationwide policies by repeatedly increasing the amounts of the cost of insurance charges deducted from the Nationwide policies for reasons unrelated to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes.

100.    Defendant Nationwide also breached the terms of the Nationwide policies by failing to determine and apply to the Nationwide policies current cost of insurance rates based on the its expectations as to future mortality costs and expenses.

101.    As a result of defendant Nationwide's breaches of the terms of the Nationwide policies, the account values of the Nationwide policies haves been drastically eroded and the policies soon will lapse causing the Palumbo Trust to forfeit the benefit of hundreds of thousands of dollars of premiums paid to Nationwide and leaving William Palumbo's heirs, the beneficiaries of the Palumbo Trust, with *no* benefit whatsoever under the Nationwide policies upon William Palumbo's death.

102.    By reason of the foregoing, plaintiffs Laura Palumbo, as Trustee, and William Palumbo are entitled to recover from defendant Nationwide compensatory damages in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums.

### FIFTH CLAIM FOR RELIEF

**(Against Defendant Nationwide For Breach Of The
Implied Covenant Of Good Faith And Fair Dealing)**

103.    Plaintiffs Laura Palumbo, as Trustee, and William Palumbo repeat and reallege each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

104.    Defendant Nationwide breached the implied covenant of good faith and fair dealing in the Nationwide policies by:

(a)    falsely representing to plaintiffs in the Nationwide policies that any changes in the cost of insurance charges under the policies would be based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(b)    increasing the amounts of the cost of insurance charges deducted from the Nationwide policies for reasons wholly unrelated to changes in future expectations for such factors as:  (i) investment earnings; (ii) mortality; (iii) persistency; (iv) expenses; and (v) taxes;

(c)    concealing and failing to disclose to plaintiffs that the increases in the amounts of the cost of insurance charges deducted from the Nationwide policies are *not* related to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(d)    concealing and failing to disclose to plaintiffs how the amounts of the cost of insurance charges deducted from the Nationwide policies are actually calculated and the basis for the same;

(e)    falsely representing to plaintiffs that Nationwide will determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses;

(f)    failing to determine and apply to the Nationwide policies current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(g)      concealing and failing to disclose to plaintiffs that the cost of insurance rates applied to the Nationwide policies are *not* current cost of insurance rates based on Nationwide's expectations as to future mortality costs and expenses;

(h)      concealing and failing to disclose to plaintiffs how the cost of insurance rates applied to the Nationwide policies are actually determined and the basis for the same; and

(i)      concealing and failing to disclose to plaintiffs that the amounts of the cost of insurance charges deducted from the Nationwide policies and the cost of insurance rates applied to the policies are designed to increase the profits of Nationwide at plaintiffs' expense and to their extreme detriment.

105.   By reason of the foregoing, plaintiffs Laura Palumbo, as Trustee, and William Palumbo are entitled to recover from defendant Nationwide compensatory damages in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums, plus punitive damages.

34

## SIXTH CLAIM FOR RELIEF

### (Against Defendant Nationwide For Declaratory Relief)

106.    Plaintiffs Laura Palumbo, as Trustee, and William Palumbo repeat and reallege each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

107.    An actual controversy has arisen and now exists between plaintiffs Laura Palumbo, as Trustee, and William Palumbo, on the one hand, and defendant Nationwide, on the other hand, concerning the respective rights of the parties under the Nationwide policies and the calculation of the cost of insurance charges under the same.

108.    Under these circumstances, plaintiffs Laura Palumbo, as Trustee, and William Palumbo seek a declaration regarding their rights under the Nationwide policies.

109.    So that future controversies under the Nationwide policies may be avoided, plaintiffs Laura Palumbo, as Trustee, and William Palumbo request this Court to declare that:

(a)    under the clear and explicit terms of the Nationwide policies, any increases in the amounts of the cost of insurance charges deducted from the Nationwide policies must be based solely on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes;

(b)    any increases in the amounts of the cost of insurance charges deducted from the Nationwide policies on any basis other than changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes are unlawful and in material breach of the Nationwide policies;

(c)      under the clear and explicit terms of the Nationwide policies, Nationwide is required to determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses; and

(d)      any cost of insurance rates applied to the Nationwide policies not determined by Nationwide based on its expectations as to future mortality costs and expenses are unlawful and in material breach of the Nationwide policies.

110.   Based on the foregoing, plaintiffs Laura Palumbo, as Trustee, and William Palumbo pray for judgment providing:

(a)      under the clear and explicit terms of the Nationwide policies, any increases in the cost of insurance charges deducted from the Nationwide policies must be based solely on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses; and taxes;

(b)      under the clear and explicit terms of the Nationwide policies, any increases in the amounts of the cost of insurance charges deducted from the Nationwide policies on any basis other than changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes are unlawful and in material breach of the Nationwide policies;

(c)      under the clear and explicit terms of the Nationwide policies, Nationwide is required to determine and apply to the Nationwide policies current cost of insurance rates based on its expectations as to future mortality costs and expenses;

(d)      under the clear and explicit terms of the Nationwide policies, any cost of insurance rates applied to the Nationwide policies not determined by Nationwide

based on its expectations as to future mortality costs and expenses are unlawful and in material breach of the Nationwide policies;

      (e)    plaintiffs Laura Palumbo, as Trustee, and William Palumbo are entitled to compensatory damages from defendant Nationwide in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums; and

      (f)    such other and further relief as deemed appropriate by this Court.

### SEVENTH CLAIM FOR RELIEF

**(Against Defendant Nationwide For Unjust Enrichment)**

111.    Plaintiffs Laura Palumbo, as Trustee, and William Palumbo repeat and reallege each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

112.    Defendant Nationwide benefited at the expense of William Palumbo and the Palumbo Trust by receiving and retaining premium payments in an amount not less than $238,761.68 with respect to the Nationwide policies.

113.    Defendant Nationwide's retention of an amount not less than $238,761.68 in premium payments made by William Palumbo and the Palumbo Trust with respect to the Nationwide policies would be unjust.

114.    Equity and good conscience require restitution by defendant Nationwide to William Palumbo and the Palumbo Trust in an amount not less than $238,761.68.

115.    By reason of the foregoing, plaintiffs Laura Palumbo, as Trustee, and William Palumbo are entitled to recover from defendant Nationwide an amount not less than $238,761.68, plus pre-judgment interest from the date that each premium payment was made to Nationwide plus post-judgment interest.

### EIGHTH CLAIM FOR RELIEF

#### (Against Defendant Nationwide For Defamation)

116.    Plaintiff Laura Palumbo repeats and realleges each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

117.    The U-5 amendment regarding plaintiff Laura Palumbo filed by defendant Nationwide, by its representative and/or agent Nationwide Securities, LLC, claiming that a complaint was made against Laura Palumbo by the Palumbo Trust alleging "misrepresentation in the purchase of a variable life insurance policy in 1994" was intentionally false, defamatory, and malicious.

118.    By reason of the foregoing, plaintiff Laura Palumbo is entitled to recover from defendant Nationwide compensatory damages in an amount to be determined at trial, plus punitive damages.

### NINTH CLAIM FOR RELIEF

#### (Against Defendant Nationwide For Intentional Infliction Of Emotional Distress)

119.    Plaintiff Laura Palumbo repeats and realleges each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

120.    Defendant Nationwide knew or should have known that its filing, by its representative and/or agent Nationwide Securities, LLC, of a knowingly and intentionally

false, defamatory and malicious U-5 amendment with respect to plaintiff Laura Palumbo would cause Laura Palumbo extreme emotional distress, yet it went ahead and acted intentionally to cause plaintiff Laura Palumbo to suffer distress.

121.   Defendant Nationwide's conduct in filing, by its representative and/or agent Nationwide Securities, LLC, the defamatory and malicious U-5 amendment with respect to plaintiff Laura Palumbo was extreme and outrageous.

122.   Plaintiff Laura Palumbo has in fact suffered extreme emotional distress as the direct consequence of defendant Nationwide's conduct.

123.   By reason of the foregoing, plaintiff Laura Palumbo is entitled to recover from defendant Nationwide compensatory damages in an amount to be determined at trial, plus punitive damages.

## TENTH CLAIM FOR RELIEF

### (Against Defendant Nationwide For Injunctive Relief)

124.   Plaintiff Laura Palumbo repeats and realleges each and every allegation contained in paragraphs 1 through 77 above as if fully set forth herein.

125.   Money damages alone cannot fully compensate plaintiff Laura Palumbo for the harm she has suffered as a result of defendant Nationwide's knowing and intentional filing, by its representative and/or agent Nationwide Securities, LLC, of a false, defamatory, and malicious U-5 amendment.

126.   Unless steps are taken to right this wrong, the U-5 amendment will remain an indelible smear on plaintiff Laura Palumbo's record.

127.   Without an injunction, plaintiff Laura Palumbo will suffer irreparable harm.

128.     Accordingly, plaintiff Laura Palumbo seeks a mandatory injunction

directing defendant Nationwide, by its representative and/or agent Nationwide Securities,

LLC, to expunge forthwith the U-5 amendment and all references to a complaint against

Laura Palumbo from the Central Registration Depository.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against the defendant Nationwide as

follows:

(a)     on the first claim for relief, in favor of plaintiffs Laura Palumbo, as

Trustee, and William Palumbo against defendant Nationwide compensatory damages in

the form of two paid up life insurance policies on the life of William Palumbo (with no

future premiums required), each with a death benefit of $500,000 plus the cash value of

the policy, or, alternatively, compensatory damages in the form of recalculation of the

cost of insurance charges deducted from the Nationwide policies strictly in accordance

with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of

the years that the policies have been in force and adjustment of the policies' account

values based on the same as well as reimbursement of any overpaid premiums, plus

punitive damages;

(b)     on the second claim for relief, in favor of plaintiffs Laura Palumbo, as

Trustee, and William Palumbo, against defendant Nationwide compensatory damages in

the form of two paid up life insurance policies on the life of William Palumbo (with no

future premiums required), each with a death benefit of $500,000 plus the cash value of

the policy, or, alternatively, compensatory damages in the form of recalculation of the

cost of insurance charges deducted from the Nationwide policies strictly in accordance

with the terms of the Nationwide policies set forth on pages 9 and 10 , *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums, plus punitive damages, plus attorneys' fees;

    (c)  on the third claim for relief, in favor of plaintiffs Laura Palumbo, as Trustee, and William Palumbo against defendant Nationwide compensatory damages in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums, plus punitive damages, plus attorneys' fees;

    (d)  on the fourth claim for relief, in favor of plaintiffs Laura Palumbo, as Trustee, and William Palumbo against defendant Nationwide compensatory damages in the in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums;

41

(e)     on the fifth claim for relief, in favor of plaintiffs Laura Palumbo, as
Trustee, and William Palumbo against defendant Nationwide compensatory damages in
the form of two paid up life insurance policies on the life of William Palumbo (with no
future premiums required), each with a death benefit of $500,000 plus the cash value of
the policy, or, alternatively, compensatory damages in the form of recalculation of the
cost of insurance charges deducted from the Nationwide policies strictly in accordance
with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of
the years that the policies have been in force and adjustment of the policies' account
values based on the same as well as reimbursement of any overpaid premiums, plus
punitive damages;

(f)     on the sixth claim for relief, in favor of plaintiffs Laura Palumbo, as
Trustee, and William Palumbo, and against Nationwide a declaratory judgment
providing:  (i) that under the clear and explicit terms of the Nationwide policies, any
increase in the cost of insurance charges deducted from the Nationwide policies must be
based solely on changes in future expectations for such factors as investment earnings,
mortality, persistency, expenses, and taxes; (ii) that under the clear and explicit terms of
the Nationwide policies, any increases in the amounts of the cost of insurance charges
deducted from the Nationwide policies on any basis other than changes in future
expectations for such factors as investment earnings, mortality, persistency, expenses,
and taxes are unlawful and in material breach of the Nationwide policies; (iii) that under
the clear and explicit terms of the Nationwide policies, Nationwide is required to
determine and apply to the Nationwide policies current cost of insurance rates based on
its expectations as to future mortality costs and expenses; (iv) that under the clear and

explicit terms of the Nationwide policies, any cost of insurance rates applied to the Nationwide policies not determined by Nationwide based on its expectations as to future mortality costs and expenses are unlawful and in material breach of the Nationwide policies; (v) that plaintiffs Laura Palumbo, as Trustee, and William Palumbo are entitled to compensatory damages from defendant Nationwide in the form of two paid up life insurance policies on the life of William Palumbo (with no future premiums required), each with a death benefit of $500,000 plus the cash value of the policy, or, alternatively, compensatory damages in the form of recalculation of the cost of insurance charges deducted from the Nationwide policies strictly in accordance with the terms of the Nationwide policies set forth on pages 9 and 10, *supra*, for each of the years that the policies have been in force and adjustment of the policies' account values based on the same as well as reimbursement of any overpaid premiums; and (iv) such other and further relief as deemed appropriate by this Court;

(g)    on the seventh claim for relief, in favor of plaintiffs Laura Palumbo, as Trustee, and William Palumbo against defendant Nationwide in an amount to be determined at trial but not less than $238,761.68, plus pre-judgment and post-judgment interest;

(h)    on the eighth claim for relief, in favor of plaintiff Laura Palumbo against defendant Nationwide in an amount to be determined at trial, plus punitive damages;

(i)    on the ninth claim for relief, in favor of plaintiff Laura Palumbo against defendant Nationwide in an amount to be determined at trial, plus punitive damages;

(j)    on the tenth claim for relief, in favor of plaintiff Laura Palumbo against defendant Nationwide a mandatory injunction directing defendant Nationwide, by its

representative and/or agent Nationwide Securities, LLC, to expunge forthwith the U-5

amendment and all references to a complaint against Laura Palumbo from the Central

Registration Depository;

   (k)  for the costs and disbursements of this action; and

   (l)  for such other and further relief as this Court may deem just and proper.

Dated:  North Haven, Connecticut
   July 8, 2016

       TROTTA, TROTTA & TROTTA

       By: _____
         Erica W. Todd (et13897)
       900 Chapel Street, 12th Floor
       New Haven, CT  06503
       Phone:  (203) 787-6756
       Fax:  (203) 776-4538
       Email:  etodd@trottalaw.com

VERIFICATION

STATE OF CONNECTICUT )
) ss.:
COUNTY OF NEW HAVEN )

I, LAURA L. PALUMBO, declare that I, individually and as Trustee of the William J. Palumbo Irrevocable Insurance Trust Agreement, dated November 11, 1994, am a plaintiff named in the within entitled action; that I have read the foregoing complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to those matter I believe them to be true.

I declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information and belief.

Dated:  North Haven, Connecticut
July 8, 2016

_Laura L. Palumbo_
LAURA L. PALUMBO

VERIFICATION

STATE OF CONNECTICUT        )
                            )   ss.:
COUNTY OF NEW HAVEN         )

        I, WILLIAM J. PALUMBO, declare that I, individually and as Grantor of the William J. Palumbo Irrevocable Insurance Trust Agreement, dated November 11, 1994 (the "Palumbo Trust"), am a plaintiff named in the within entitled action; that I have read the foregoing complaint and know the contents thereof, and that with respect to the claims asserted by me, individually and as Grantor of the Palumbo Trust, the same is true to my own knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to those matter I believe them to be true.

        I declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information and belief.

Dated:  North Haven, Connecticut
       July 8, 2016

                     WILLIAM J. PALUMBO