UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA L. PALUMBO, individually and as : <br> Trustee of the William J. Palumbo Irrevocable : <br> Insurance Trust Agreement, dated November 11,: <br> 1994, and; : <br> WILLIAM J. PALUMBO, individually and as : <br> Grantor of the William J. Palumbo Irrevocable : <br> Insurance Trust Agreement, dated November 11,: <br> 1994, : <br>      Plaintiffs, : <br> : <br> v. : <br> : <br> NATIONWIDE LIFE INSURANCE : <br> COMPANY, : <br>      Defendant. : | 3:16-cv-01143-WWE |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

Plaintiffs Laura L. Palumbo and William J. Palumbo bring this diversity action against defendant Nationwide Life Insurance Company to recover damages sustained as a result of allegedly false representations regarding the cost of insurance charges and the cost of insurance rates under variable life insurance policies numbered 1190193880 and 1190371850.  Plaintiffs allege fraud, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  In addition, plaintiffs seek declaratory relief as to their rights under the policies.  Defendant has moved to dismiss the complaint in its entirety.  For the following reasons, defendant's motion will be denied.

## BACKGROUND

Plaintiffs allege that the life insurance policies purchased from defendant by the Palumbo Trust in 1994 and 1996 contain false representations and omissions of material facts regarding the cost of insurance charges and cost of insurance rates under the policies.

The policies provide that any changes in the cost of insurance charges deducted from the policies will be based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes.   The policies also provide that "[c]urrent cost of insurance rates will be determined by [Nationwide] based on our expectations as to future mortality costs and expenses."

Since the inception of the policies, defendant has increased the amount of the cost of insurance charges deducted from the policies for reasons wholly unrelated to changes in future expectations for such factors as investment earnings, mortality, persistency, expenses and taxes, contrary to the clear and explicit terms of the policies.   Defendant has failed to determine and apply to the policies current cost of insurance rates based on its expectations as to future mortality costs and expenses, contrary to the clear and explicit terms of the policies.

Defendant's repeated increases in charges was designed solely to increase the profits of defendant at plaintiffs' expense.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).   When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.   Hishon v. King, 467 U.S. 69, 73 (1984).   The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some

factual allegations in those contexts where such amplification is needed to render the claim plausible.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### Plausibility of Plaintiffs' Claims

Defendant argues that "plaintiffs' allegations are limited to the notion that Nationwide was obligated to apply the same cost of insurance charges to the Policies every year, without any increases."   The Court disagrees.   Plaintiffs do not allege that Nationwide was prohibited from adjusting the amounts of cost of insurance charges.   Rather, plaintiffs assert that under the contracts, changes in the cost of insurance charges must be based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes.   Further, plaintiffs proffer that defendant increased the amount of the cost of insurance for wholly unrelated reasons, contrary to the clear and explicit terms of the policies.   Plaintiffs' claims will not be dismissed on general plausibility grounds.

### Statute of Limitations

Defendant argues that plaintiffs were made aware of these allegedly impermissible increases in charges under both policies no later than 1997, rendering any claims time-barred. However, plaintiffs allege that defendant impermissibly increased the cost of insurance charges at issue up to the filing of the instant lawsuit.   "When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed."   Handler v. Remington Arms Co., 144 Conn. 316, 321 (1957).   Moreover, plaintiffs point out that they were not privy to defendant's formulas for calculating the cost of insurance charges, so they lacked notice of defendant's misdeeds.   Indeed, plaintiffs contend that defendant fraudulently concealed the existence of the instant causes of action, preventing

3

their accrual until plaintiffs' discovery in September 2014.   See Conn. Gen. Stat. §52-595.

Defendant responds by reiterating that "any such purported breach or fraudulent conduct was disclosed to Plaintiffs year after year since 1997," so defendant could not have intentionally concealed facts from plaintiffs.   This argument is not persuasive, as knowledge of the specific amount of cost of insurance charges or knowledge that charges were increasing is not the same as knowledge of fraudulent calculation by defendant (i.e., knowledge that charges were not based on the factors set out in the contracts).   At this stage, prior to discovery, plaintiffs' claims will not be dismissed on statute of limitations grounds.

**Fraud Claim**

Defendant argues that plaintiffs' fraud claim should be dismissed because (1) the claim is not pleaded with sufficient particularity, (2) plaintiffs cannot show how they relied to their detriment upon any false statement, and (3) the claim is barred by the economic loss doctrine. None of these arguments has merit.   Plaintiffs' allegations of fraud and reliance are clear. Questions of fact exist as to whether alleged fraud was "extraneous to the contract, rather than a fraudulent non-performance of the contract itself," and only the latter would implicate the economic loss doctrine's proscription against tort claims where the relationship between the parties is contractual and the only losses are economic.   See Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 166 (D. Conn. 2010) (finding that Connecticut courts have carved out exceptions to the economic loss doctrine for intentional torts, such as fraud). Plaintiffs' fraud claim will not be dismissed.

**CUTPA and CUIPA Claims**

Defendant argues that it "could not have knowingly made an actionable

4

misrepresentation by applying cost of insurance charges that are not alleged to be greater than the maximum amounts permitted under the terms of the Policies."   Essentially, defendant contends that no claim may lie so long as defendant complied with a specific subsection of the contracts regarding a ceiling on cost of insurance charges.   At this stage of the case, defendant's self-serving assertion that it complied with a particular subsection of the agreements is not dispositive of whether it made misrepresentations with regard to other subsections.   Plaintiffs' CUTPA and CUIPA claims will not be dismissed.

### Breach of Contract Claim

Defendant argues that "because Plaintiffs do not allege that Nationwide's cost of insurance charges exceeded the 'Table of Guaranteed Maximum Cost of Insurance Rates' in the Policies, Plaintiffs' allegations fall short of showing that Nationwide breached the terms of the Policies."   Defendant cites a District of New Jersey decision for the proposition that a life insurance company is "required to follow the formula and prohibited from exceeding the maximum rate in calculating the expected cost of mortality[,] nothing more, nothing less." Coffman v. Pruco Life Ins. Co., 2011 WL 4550152, at *3 (D.N.J. Sept 29, 2011).   But in the instant case, plaintiffs allege that defendant failed to follow the required formula.   See Feller v. Transamerica Life Insurance Company, 2016 WL 6602561, at *10 (C.D. Cal. November 2016) (finding policy language reasonably susceptible to plaintiffs' interpretation, namely that the policies could be reasonably read as requiring changes in charges to be connected to specified risk categories).   Plaintiffs' breach of contract claim will not be dismissed.

### Breach of the Implied Covenant of Good Faith and Fair Dealing Claim

Defendant argues that because there is no allegation in the complaint that the cost of

insurance charges were greater than the contractually permissible amounts, defendant's alleged conduct does not rise to the level of negligence, let alone the requisite wanton or malicious conduct needed to state a bad faith claim.    As stated above, plaintiff alleges that defendant concealed that the changes in the cost of insurance charges were *not* based on changes in future expectations for such factors as investment earnings, mortality, persistency, expenses, and taxes; that the cost of insurance rates applied to the policies are *not* current cost of insurance rates based on defendant's expectations as to future mortality costs and expenses; and that the amounts of the cost of insurance charges were designed to increase the profits of defendant at plaintiffs' expense and extreme detriment.    Plaintiffs' good faith claim will not be dismissed.

### Unjust Enrichment Claim

Defendant argues that plaintiffs' unjust enrichment claim should fail because the parties' relationship is governed by an express contract and because plaintiffs received consideration for their premium payments in the form of insurance coverage.    However, unjust enrichment may be pleaded in the alternative, and plaintiffs allege they were subject to impermissible charges resulting in defendant's enrichment.    Plaintiffs' unjust enrichment claim will not be dismissed.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [ECF. No. 16] is DENIED.

Dated this 9th day of January, 2017, at Bridgeport, Connecticut.


    /s/Warren W. Eginton  
WARREN W. EGINTON  
SENIOR UNITED STATES DISTRICT JUDGE